

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 14, 1967

Honorable J. R. Singleton
Executive Director
Texas Parks & Wildlife Dept.
Austin, Texas

Dear Mr. Singleton:

Opinion No. M-169

Re: Authority of the Parks and Wildlife Commission to regulate hunting on the land and water area of the Somerville Reservoir, and related questions.

You have recently requested the opinion of this office with regard to the authority of the Parks and Wildlife Commission to regulate hunting on the water area of the Somerville Reservoir. Your letter discloses that the reservoir is located in Burleson, Lee, and Washington Counties and is a project of the U. S. Army Corps Engineers.

Under, Acts 60th Legislature, R.S. 1967, chapter 730, page 1957, the Parks and Wildlife Commission has the authority to regulate the taking of wildlife from the land and water areas of the Somerville Reservoir. This statute, denominated the "Uniform Wildlife Regulatory Act", further provides that any regulation or rule promulgated in connection with the protection and harvesting of wildlife shall be valid only after a public hearing is held in any county affected, notice of this public hearing having been published in a newspaper in the county at least ten days prior to the date of the hearing.

Pursuant to this act, the Commission issued the Trinity-Brazos Hunting, Fishing and Trapping Proclamation No. H-15, 1967-1968 (a copy having been enclosed with your request), which regulates the taking of game and fish in a number of counties and in the Somerville Reservoir area. In Section 1.07, this proclamation states, in part:

"There is no open season on game animals, game birds or fur-bearing animals . . . upon the land area of the Somerville Reservoir, which is a project of the U. S. Army Corps of Engineers, located in Burleson, Lee and Washington Counties."

Your letter poses the following questions for answer by our office:

"(1)    Does the Parks and Wildlife Commission have the authority to close the entire Somerville Reservoir area to all hunting?

"(2)    Do the terms of the present Section 1.07 of the Trinity-Brazos Proclamation No. H-15, as amended, close the entire Reservoir to all hunting?

"(3)   If the entire area is not closed to hunting, would it be necessary for the Parks and Wildlife Commission to publish notices of a public hearing, hold such a hearing and amend the present proclamation before such a closure could be effected?"

The answer to your first question, with regard to the authority of the Commission to close the entire Somerville Reservoir to hunting, is dependent upon the type of jurisdiction which the United States has acquired over the area of the Reservoir. If the United States has acquired exclusive jurisdiction, then the State of Texas can no longer enforce its game and fish laws in the area. *Garcia v. State,* 331 S.W.2d 53 (Tex.Crim. 1960); *Lasher v. State,* 17 S.W. 1064, (Tex.Civ.App. 1892, no writ); Attorney General's Opinion No. O-4764 (1942). However, to defeat the jurisdiction of Texas to regulate the taking of game and fish and to punish for violations of its rules and regulations, the Governor of the State of Texas must cede to the United States exclusive jurisdiction over the lands in question under the authority of Art. 5247, Vernon's Civil Statutes. *Adams v. Calvert,* 396 S.W.2d 948 (Tex. Sup. 1965); *Surplus Trading Co. v. Cook,* 281 U.S. 647 (1929); *James v. Dravo Contracting Co.,* 302 U.S. 134 (1937).

An investigation of the records of the Secretary of State, where such deeds ceding jurisdiction are filed, reveals that no such cession has been made covering the lands encompassing Somerville Reservoir. Accordingly, the State of Texas has jurisdiction to promulgate and enforce regulations relating to the taking of game and fish in the Somerville Reservoir area, under the authority of the Uniform Wildlife Regulatory Act, and the Commission thereby has the *authority* to close the entire reservoir area to all hunting.

However, with regard to your second question, the Trinity-Brazos Proclamation No. H-15 does not close the entire reservoir to hunting, since the proclamation refers only to the "land area of the Somerville Reservoir . . ." and makes no reference to the water area. It is noted that the Uniform Wildlife Regulatory Act gives the Commission the power and authority to regulate taking of wildlife on "the land and water area of the Somerville Reservoir . . .", thereby making a distinction between such land and water areas. Proclamation H-15, in specifically referring to the land area of the Somerville Reservoir, can only mean that the water areas are not covered by such proclamation. Therefore, the Trinity-Brazos Proclamation No. H-15 does not close the water areas of the reservoir to hunting.

In order to close the water area to hunting, it will be necessary to follow the procedures set up by the Uniform Wildlife Regulatory Act to effect such closure, as the procedural steps outlined in the act are a necessary requisite to the Commission's power to issue rules and regulations regarding the taking of game and fish. These procedures include the holding of a public hearing on any proposed rule, regulation, or order dealing with hunting and fishing, the hearing to be preceded by public notice of such hearing. We answer your third question in the affirmative as a public hearing with proper notice must be held to close the water area of the Somerville reservoir to hunting.

## SUMMARY

1. The Parks and Wildlife Commission has the authority to close the entire Somerville Reservoir area to all hunting, under powers granted by the Uniform Wildlife Regulatory Act.

2. The Trinity-Brazos Proclamation No. H-15, as amended, closes the land portion of the Somerville Reservoir to Hunting, but does not prohibit hunting on the water areas of the reservoir.

3. To close the water area of the reservoir to hunting, it will be necessary for the Commission to hold a public hearing on the proposed regulation closing such area, preceded by proper notice.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Roger Tyler
V. F. Taylor
Howard Fender

A. J. CARUBBI, JR.
Staff Legal Assistant